**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALLEN D. SWEATT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-0978 (RC) |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons discussed below, the motion will be granted.

I.  BACKGROUND

Plaintiff has been diagnosed with Frey's Syndrome, and treatment for the condition includes injections of Botox. Compl. at 2 (page numbers designated by ECF). On June 15, 2012, plaintiff received two Botox injections at the Veterans Administration Medical Center in Washington, D.C. *Id*. Although injections received on prior and subsequent occasions were without incident, plaintiff found the first shot received on June 15, 2012 "terribly painful . . . and the pain was twice as bad" on receipt of the second shot. *Id*. According to plaintiff, the Botox solution dispensed on June 15, 2012 "was not mixed properly," in that it had been "mixed with water as opposed to saline solution" by the two interns who administered the shots. *Id*. He deemed this negligence on the part of "the attending [physician], who probably should have been

1

monitoring or supervising the interns . . . and more specifically the interns themselves for assuming that what they were doing was correct and alright to administer." *Id*.

On November 12, 2012, plaintiff submitted to the Veterans Administration ("VA") an administrative tort claim demanding compensation of $5,000.00 for his personal injuries. *See id*., Ex. (Claim for Damage, Injury, or Death, Standard Form 95, dated November 12, 2012). The VA acknowledged receipt of plaintiff's claim and requested additional information for processing and investigating it. *Id*., Ex. (Letter to plaintiff from Melissa Mack, Staff Attorney, Office of Regional Counsel, VA, dated December 21, 2012) at 1. The VA denied plaintiff's claim. Mem. of P. & A. in Support of Def.'s Mot. to Dismiss, ECF No. 8 ("Def.'s Mem."), Curtis Decl., Ex. C (Letter to plaintiff from Frank D. Giorno, Regional Counsel, Office of Regional Counsel, Department of Veterans Affairs, dated March 11, 2013).

Plaintiff timely requested reconsideration of the VA's determination. Curtis Decl. ¶ 7; *see id*., Ex. D (email message to OCG Torts Director from plaintiff dated March 18, 2013). Reconsideration was denied:

> We have completed our reconsideration of your claim. We have determined that the care provided to you by employees at the [VAMC] was in accordance with the appropriate standard of care. Because our review revealed no evidence of a negligent or wrongful act by an employee of the VAMC acting within the scope of his or her employment, your claim is again denied.
>
> If you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, Sections 1346(b) and 2671-2680, Title 28, United States Code, which provides, in effect, that a tort claim which is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (Section 2401(b), Title 28, United States Code.) If you decide to initiate such a suit, you are further

>advised that the proper party defendant would be the United States, not VA.

*See id.*, Ex. F (Letter to plaintiff from Andree Boudreaux, Regional Counsel, VA, dated September 24, 2013).  Plaintiff chose to file a lawsuit.[1]  In the interim, however, plaintiff sent a letter to the VA's Office of Regional Counsel "to find out how to appeal the decision." *Id.*, Ex. G (Letter to Office of Regional Counsel from plaintiff dated December 14, 2013).  The VA's written response to this correspondence again advised plaintiff of his right to present a claim in federal district court and further advised that the "suit must be initiated . . . within 6 months of the date of the mailing of the **September 24, 2013** notice of final decision." *Id.*, Ex. H (Letter to plaintiff from Kevin Curtis, Assistant Regional Counsel, dated December 20, 2013) (emphasis in original).

## II.  DISCUSSION

"Federal district courts are courts of limited jurisdiction," and "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The plaintiff therefore bears the initial burden of establishing that the Court has subject matter jurisdiction over his negligence claim.  *See id.*; *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

---

[1]  Plaintiff refers to three claims for compensation then pending with the VA with regard to diagnoses of Frey's Syndrome, erectile dysfunction and depression.  *See, e.g.,* Compl. at 2; *see id.*, Ex. (Letter to plaintiff from Michael A. Scheibel, Director, Baltimore Regional Office, Department of Veterans Affairs, dated July 22, 2013, and Rating Decision dated September 27, 2013); *see also* Pl.'s Opp'n [ECF No. 10] at 1.  His claims for veterans benefits for these conditions are not matters over which this Court has subject matter jurisdiction, *see Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000), and therefore these claims are not addressed here.

Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The Federal Tort Claims Act ("FTCA") operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Thus, a claimant may file suit for claims of "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This waiver of sovereign immunity is "conditioned . . . on the requirement that a [claimant] present [his] claim 'in writing to the appropriate Federal agency within two years after such claim accrues," and thereafter file [his] action in court within six months of agency's final denial of [his] claim.'" *M.J. ex rel. Jarvis v. Georgetown Univ. Med. Ctr.*, 962 F. Supp. 2d 3, 6 (D.D.C. 2013) (quoting 28 U.S.C. § 2401(b)), *aff'd*, No. 13-5321, 2014 WL 1378274, at *1 (D.C. Cir. Mar. 25, 2014) (per curiam).[2]

Defendant argues that plaintiff failed to file his complaint within the six-month limitation period following the VA's denial of his administrative claim on September 24, 2013. *See* Def.'s Mem. at 8-9. Although plaintiff filed an opposition to defendant's motion, nowhere does plaintiff address the timeliness of his complaint.[3] The Court therefore treats the matter as conceded. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004); *see also FDIC. v. Bender*, 127 F.3d

---

[2] For purposes of this Memorandum Opinion, the Court proceeds as if plaintiff had named the proper defendant, the United States, as a party to this action.

[3] The Court construes plaintiff's October 4, 2014 correspondence to the Clerk of Court [ECF No. 10] as his opposition to defendant's motion.

58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). At any rate, the Court finds that the limitation would have ended on or about March 24, 2014, approximately five weeks before the Clerk of Court received plaintiff's complaint on April 30, 2014.[4]  The complaint is untimely filed.[5]

### III.  CONCLUSION

Because plaintiff failed to file his complaint within six months of the VA's final denial of his administrative tort claim, this Court lacks jurisdiction.  Accordingly, defendant's motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: June 8, 2015

---

[4]   The Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* on April 30, 2014.  The Court granted the application on May 27, 2014, and that the Clerk officially docketed the complaint and application on June 10, 2014.

[5]   Plaintiff sent a letter to this Court asking for "directions as to how [he should] file [an] appeal" of the denial of his administrative tort claim.  Compl., Ex. (Letter to U.S. District Court from plaintiff dated March 10, 2014).  Although the letter itself arrived within the six-month limitation period, it could not have been construed as a civil complaint and it did not toll the running of the limitation period.  Furthermore, correspondence to the Court requires no response, and even if the Court had responded, plaintiff would have received the same instructions that the VA previously had provided.